*E-Filed: August 13, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RHONDA JUNE DAVIS,<br><br>      Plaintiff,<br>   v.<br>CAROLYN W. COLVIN,[1]<br>Acting Commissioner of Social Security,<br><br>      Defendant. | No. C13-01209 HRL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket No. 18, 22]** |

Rhonda June Davis ("Plaintiff") appeals a final decision by the Commissioner of Social Security Administration ("Defendant") denying her application for disability insurance benefits pursuant to the Social Security Act. Presently before the court are the parties' cross-motions for summary judgment. The matter is deemed fully briefed and submitted without oral argument. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. Upon consideration of the moving papers, and for the reasons set forth below, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary judgment.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. BACKGROUND

Plaintiff was 55 years old when the Administrative Law Judge ("ALJ") rendered the decision being reviewed. Administrative Record ("AR") 25. She has previously worked as a cashier, a retailer, and an instructional assistant for disabled students. AR 209-10. She claims disability based on scoliosis with lumbar spondylosis, which results in chronic pain, among other symptoms. Pl.'s Mot. Summ. J. 1, Dkt. No. 18. On March 24, 2010, Plaintiff applied for disability benefits alleging that her disability began on October 21, 2009. AR 154. Plaintiff's claim was denied initially and upon reconsideration. AR 73-77, 84-88. She requested and received a hearing before an ALJ, where she was represented by counsel. AR 46-70.

In a decision dated December 7, 2011, the ALJ found that the Plaintiff had not been under a disability within the meaning of the Social Security Act from October 21, 2009 through the date of the decision. AR 28. The ALJ evaluated Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations. AR 23-24; *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416-920(a).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 21, 2009. AR 24. At step two, she found that plaintiff had the following medically determinable severe impairments: idiopathic adolescent scoliosis mixed with lumbar spondylosis. *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24. Prior to step four, the ALJ determined that Plaintiff suffered from a medically determinable physical impairment that could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible. AR 26. Accordingly, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except that she was limited to only occasionally balancing, climbing, stooping, kneeling, crouching, and crawling. AR 24. At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a cashier and retail sales clerk. AR 28. Accordingly, the ALJ found that she was not disabled. *Id.*

The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. AR 1. Plaintiff now seeks judicial review of that decision.

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *accord Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

## III. DISCUSSION

Plaintiff moves this Court to reverse the final decision of the Commissioner and find that she is "disabled" based on the following two alleged errors committed by the ALJ: (1) failing to credit the treating opinion of Nurse Practitioner ("NP") Holly Bailey without articulating legitimate reasons for doing so; and (2) failing to properly evaluate and credit Plaintiff's testimony as to the nature and extent of her functional limitations. Defendant counters that the ALJ appropriately gave less weight to the opinion of NP Bailey than that of medical doctors and cited ample justification for discrediting part of Plaintiff's testimony. Accordingly, Defendant moves for affirmation of the decision because it is supported by substantial evidence and free of legal error.

### A. Opinion of Nurse Practitioner Bailey

Only evidence from "acceptable medical sources" may be used to establish the existence of a medically determinable impairment. 20 C.F.R. § 404.1513(a). "Acceptable medical sources" are (1) Licensed physicians; (2) Licensed or certified psychologists; (3) Licensed optometrists; (4)

3

1   Licensed podiatrists; and (5) Qualified speech-language pathologists. *Id.* However, in addition to
2   evidence from "acceptable medical sources," evidence from "other sources" may be used to show
3   the severity of a claimant's impairments and how it affects the claimant's ability to work.
4   § 404.1513(d). Nurse practitioners are an example of "other sources." *Id.* "[O]nly 'acceptable
5   medical sources' can be considered treating sources . . . whose medical opinions may be entitled to
6   controlling weight." *Id.* "The fact a medical opinion is from an 'acceptable medical source' is a
7   factor that may justify giving that opinion greater weight than an opinion from a medical source
8   who is not an 'acceptable medical source' because . . . 'acceptable medical sources' 'are the most
9   qualified health care professionals.'" *Id.* (quoting 65 Fed. Reg. 34955 (June 1, 2000)). "However,
10  depending on the particular facts in a case, and after applying the factors for weighing opinion
11  evidence, an opinion from a medical source who is not an 'acceptable medical source' may
12  outweigh the opinion of an 'acceptable medical source' . . . ." *Id.* The following factors are
13  considered in deciding the weight given to the medical opinion of an acceptable medical source: (1)
14  the examining relationship; (2) the treatment relationship, including the length and frequency as
15  well as the nature and extent of the treatment relationship; (3) supportability; (4) consistency with
16  the record; (5) specialization; and (6) other factors, including the source's understanding of
17  disability programs and their evidentiary requirements, as well as the source's familiarity with other
18  information in the record. 20 C.F.R. § 404.1527(c). These same factors can be applied to opinion
19  evidence from other sources. SSR 06-03P.
20      In weighing the medical opinions of acceptable medical sources here, the ALJ accorded
21  "great weight" to the opinion of Dr. Fracchia, because he "reviewed the entire medical record and
22  the opinion is substantiated by the medical evidence as a whole. Furthermore, the doctor is a State
23  agency consultant and well versed in the assessment of functionality as it pertains to the disability
24  provisions of the Social Security Act and Regulations." AR 27. In July 2010, Dr. Fracchi opined
25  that Plaintiff is able to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently,
26  stand and walk for about six hours in an eight-hour workday, sit for about six hours in an eight-hour
27  workday, and occasionally climb, balance, stoop, kneel, crouch, and crawl. AR 27 (citing Exhibit
28  8F, AR 372-76). The ALJ accorded "some weight" to the opinions of Dr. Carlson and Dr.

1  MacFarlane because their "treating source opinions reflect a longitudinal perspective of the
2  claimant's impairments and are supported by medical signs and findings." AR 27. In December
3  2009, Dr. Carlson opined that Plaintiff was able to work eight hours per day at the light activity
4  level; although in June 2010 he found she could not return to her normal duties as an instructional
5  assistant for disabled children. AR 27 (citing Exhibit 3F4, AR 270; Exhibit 7F, AR 367-71). In
6  May 2010, Dr. MacFarlane wrote a note for Plaintiff to return to full time work with no restrictions.
7  AR 27 (citing Exhibit 6F2, AR 345).

As for NP Bailey, the ALJ accorded "reduced weight" to her opinion "because a nurse practitioner is not an 'acceptable medical source,' there are no treatment notes in the medical record from Ms. Bailey, and the opinion is inconsistent with other more persuasive and well supported opinions from examining physicians." In October 2011, Ms. Bailey opined that Plaintiff was able to stand and walk for less than two hours in an eight-hour workday, able to sit for less than two hours in an eight-hour workday, and never able to lift ten pounds or to twist, stoop, crouch, squat, or climb ladders. AR 27 (citing Exhibit 16F, 422-28).

Plaintiff asserts that the ALJ erred in giving reduced weight to the opinion of Ms. Bailey because it was the most recent opinion and, in view of Plaintiff's progressively worsening condition, the most probative. Moreover, the ALJ's purported justifications for reducing the weight of her opinion were not legitimate because the ALJ had a duty to contact Bailey to supplement her opinion rather than rely on the absence of her treatment notes as a reason for discounting it. *See Smolen v. Chatter*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("When medical source notes appear to be incomplete, recontact with the source should be made to attempt to obtain more detailed information."). Furthermore, contrary to the ALJ's assertion, Plaintiff argues that Bailey's opinion was entirely consistent with the record.

It is true that Bailey's opinion was the most recent, and Plaintiff points out two instances in the medical record where doctors opined that her condition was worsening – in 2009, Dr. Carlson described Plaintiff's scoliosis as "progressive worsening," AR 273, and in June 2010, Dr. MacFarlane noted that Plaintiff's "long-standing problems . . . have progressed with treatment." AR 345. While viewing these two notes in isolation might suggest a condition that was getting

progressively worse over time, the record as a whole, and even the individual records in which those notes appear, do not reflect that development.  For example, Dr. Carlson's report also indicated that the "anticipated end date of this temporary disability is: 10/21/2010."  AR 272.  Additionally, notwithstanding the noted "progression" (which does not clearly refer to a worsening of Plaintiff's condition), Dr. MacFarlane cleared Plaintiff to return to full time work with no restrictions.  AR 345.  Thus, while the recency of Bailey's opinion may still be a factor weighing in its favor, the Court does not agree with Plaintiff's characterization that it is the most probative opinion due to Plaintiff's worsening condition.

      Moreover, the Court does not agree with Plaintiff that the ALJ had a duty to recontact Bailey and request additional records to support her opinion.  "The ALJ in a social security case has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'"  *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen*, 80 F.3d at 1288).  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  *Id.* (quoting *Smolen*, 80 F.3d at 1288).  However, that is not to say that an ALJ must conduct an inquiry whenever presented with an unsubstantiated opinion.  *See id.* ("The ALJ gave sufficient reasons, supported by substantial evidence in the present record, for rejecting the opinion of Dr. Gevorkian . . . because it was unsupported by rationale or treatment notes, and offered no objective medical findings to support the existence of Tonapetyan's alleged conditions.").  Here, the evidence was not ambiguous, and the ALJ felt, justifiably so, that the record, containing opinions from multiple medical doctors, was sufficiently developed to allow for proper evaluation.  Accordingly, Plaintiff was not deprived of a full and fair hearing.

      Furthermore, the Court finds that substantial evidence supports the ALJ's giving reduced weight to Bailey's opinion because it was inconsistent with the record as a whole.  Bailey's opinion, which indicated that Plaintiff could neither stand and walk nor sit for more than two hours in an eight hour workday was in fact inconsistent with the opinions of the "acceptable medical sources" who opined that she could perform light work for eight hours per day.  Bailey's opinion was only

consistent with the testimony of the Plaintiff, which for reasons discussed below the ALJ did not find credible.

Overall, upon consideration of the relevant factors, the Court cannot say that the ALJ erred in giving reduced weight to Bailey's opinion in favor of the opinions of the "acceptable medical sources." As stated by the ALJ, Dr. Fracchia viewed the entire medical record, his opinion was supported by the medical record as a whole, and he has substantial knowledge of and experience with social security disability procedures, all of which are valid considerations which support giving greater weight to his opinion. *See* 20 C.F.R. § 404.1527(c). The ALJ also gave more weight to the opinions of Dr. Carlson and Dr. MacFarlane because of their treatment relationship with Plaintiff, as well as their evidentiary support and consistency with the record, which again are relevant factors. Finally, as discussed above, there is substantial evidence supporting the ALJ's purported justifications for giving reduced weight to the opinion of Bailey.

### B. Plaintiff's Testimony

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (internal quotation marks omitted). Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks omitted). Here, the ALJ found that Plaintiff met the first test but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." AR 26.

Plaintiff suggests that the only justification given by the ALJ for the credibility finding was that her testimony was inconsistent with her June 2010 Exertion Questionnaire, in which she indicated that she "does her own grocery shopping once a week, cleans her own living area, and drives a car." AR 26. Plaintiff asserts that the ALJ mischaracterized her responses, which also indicated that she was in "chronic pain"; "unable to carry out every day household duties"; "did not

go shopping unless needed"; and that it "hurt to shift." AR 207. Moreover, as the Ninth Circuit has recognized, she "should not be penalized for attempting to lead [a] normal li[fe] in the face of [her] limitations. . . . Only if the level of activity were inconsistent with [her] claimed limitations would these activities have any bearing on [her] credibility." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The Court agrees that the degree of inconsistency between her testimony and her responses on the exertion questionnaire would alone be insufficient to support a finding that she lacks credibility. However, as Defendant points out, Plaintiff entirely ignores the other justifications given by the ALJ.

The ALJ further notes that Plaintiff's recent statements are inconsistent with her medical records, including her own statements therein, which reveal that her medications and treatment have been relatively effective in controlling her symptoms, citing numerous records from four medical doctors in support. AR 26. For example, Plaintiff informed Dr. Kassel and Dr. Summa that she felt approximately fifty percent better after completing physical therapy, and she told Dr. Carlson that the TENS unit and prescription medications each helped her back immensely. *Id.* Additional records indicate that she requested a note from Dr. MacFarlane to return to work with no restrictions, and that she no longer wished to pursue treatment from the Pain Clinic of Monterey Bay. *Id.*

The ALJ also relied on a report from Dr. Li of the Pain Medicine Institute who noted "a discrepancy in the amount of medication the pharmacy dispensed to [Plaintiff] and what [she] reports to [Dr. Li]. The pharmacy states that she got 60 tablets of Norco, and she claims she only got 30. She also had marijuana in the last urine drug screen and stated that her license has currently expired." AR 314. As a result of the controversy, Dr. Li was unable to prescribe any further pain medication.

Accordingly, the Court finds that the ALJ offered "specific, clear and convincing reasons" for discrediting Plaintiff's statements about the severity and limiting effects of her symptoms.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the final decision of the Commissioner is supported by substantial evidence and free of legal error. Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS ORDERED.**

Dated: August 13, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C13-01209 HRL Order will be electronically mailed to:**

Alex Gene Tse     alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

Bess M. Brewer     besshelena@earthlink.net

Jennifer Lee Tarn     Jennifer.Tarn@ssa.gov

Susan Leah Smith     Susan.L.Smith@ssa.gov, jennifer.tarn@ssa.gov

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**